NUMBER 13-08-00290-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 







EX PARTE: KITAKA LAUDERDALE





On appeal from the 370th District Court of Hidalgo County, Texas.






MEMORANDUM OPINION


 

Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion Per Curiam


 Appellant, Kitaka Lauderdale, filed an application for writ of habeas corpus in the
trial court to contest an extradition proceeding initiated by the Governor for the State of
Arkansas. Appellant attempts to appeal the order denying the writ of habeas corpus. The
trial court's certification of the defendant's right to appeal does not contain the defendant's
signature. See Tex. R. App. P. 25.2(d). 

 The Clerk of this Court notified appellant of the necessity of a signed trial court
certification in four letters. On several occasions appointed counsel sent appellant a trial
court certification for signature, notifying appellant that failure to complete the form could
result in the appeal being dismissed. No signed certification was received. On February
5, 2009, the Court abated this case and remanded to the trial court to remedy the defect
in the certification by preparing and filing a "Trial Court's Certification of Defendant's Right
of Appeal" which included the defendant's signature. At the abatement hearing it was
determined that appellant submitted himself to the jurisdiction of the Arkansas trial court,
the Arkansas trial court sentenced appellant, and appellant is currently serving his time. 
On February 27, 2009, counsel filed a letter brief with this Court stating this appeal is now
moot. 

 The Texas Rules of Appellate Procedure require the trial court to enter a certification
of the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. See id. 25.2(a)(2). The certification must include a notice that
the defendant has been informed of his rights concerning an appeal, as well as any right
to file a pro se petition for discretionary review. See id. 25.2(d). The certification must be
signed by the defendant and a copy must be given to him. See id. 25.2(d). The appeal
must be dismissed if a certification that shows the defendant has the right of appeal has
not been made part of the record under these rules. See id. 25.2(d). 

 Appellant's notice of appeal included an unsigned and undated trial court
certification form. This Court repeatedly notified appellant that a signed trial court
certification had not been filed and requested that appellant file a signed trial court
certification. As of this date, appellant has not filed an amended trial court certification and
appellant's counsel indicates the appeal is moot. The Texas Rules of Appellate Procedure
provide that an appeal must be dismissed if the trial court's certification does not show that
the defendant has the right of appeal. Tex. R. App. P. 25.2(d); see Tex. R. App. P. 37.1,
44.3, 44.4. Accordingly, this appeal is DISMISSED. Any pending motions are denied as
moot.

 PER CURIAM


Do not publish.

See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this the 26th day of March, 2009.